```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

PAMELA MOSES,

       Plaintiff,

vs.                                          No. 17-2692-JTF-dkv

SHERIFF WILLIAM OLDHAM;
SHELBY COUNTY SHERIFF'S OFFICE;
Sgt. CHAD CUNNINGHAM in his
Personal and official capacity;
JOHN DOE; JOHN DOE; JANE DOE,

       Defendants.

---

ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*
and
REPORT AND RECOMMENDATION FOR PARTIAL *SUA SPONTE* DISMISSAL

---

On September 18, 2017, the plaintiff, Pamela Moses ("Moses"), proceeding *pro se*, filed a complaint entitled "Complaint Damages for Malicious Prosecution, Abuse of Process, and Declaratory Relief," against Shelby County Sheriff William Oldham ("Sheriff Oldham"), the Shelby County Sheriff's Office ("SCSO"), Sgt. Chad Cunningham ("Sgt. Cunningham") in his personal and official capacity, John Doe, John Doe, and Jane Doe, (collectively "the Defendants"), alleging claims under 42 U.S.C. § 1983 and Tennessee law resulting from her warrantless arrest in September 2016 and subsequent prosecution. (Compl., ECF No. 1.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for

determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*. (ECF No. 2.) The information set forth in the affidavit in support of the motion for leave to proceed *in forma pauperis* satisfies Moses's burden of demonstrating that she is unable to pay the civil filing fee. Accordingly, the motion to proceed *in forma pauperis* is GRANTED.

For the reasons that follow, it is recommended that Moses's claims against Sheriff Oldham, the SCSO, and Sgt. Cunningham in his official capacity be dismissed *sua sponte* for failure to state a claim. The court recommends that service be issued on Moses's § 1983 and state-law claims against Sgt. Cunningham in his personal capacity.

I.   PROPOSED FINDINGS OF FACT

In her nine-count complaint in this lawsuit, Moses sets forth claims under 42 U.S.C. § 1983 as well as state-law claims. (Compl. 2 ¶¶ 3-4, ECF No. 1.) In the complaint, Moses alleges that she was arrested on September 19, 2016, after leaving a scheduled court appearance. (*Id.* at 3, 4.) Moses's state records, however, indicate that she was arrested on September 16, 2016. *See Tennessee v. Moses*, Case No. 16207648-01 (filed Sept. 16, 2016).[1] According to Moses, on the day of her arrest,

---

[1] Moses's arraignment took place on September 19, 2016. *See id.*

Sgt. Cunningham and defendant John Doe approached Moses as she was walking out of the courtroom and demanded that she produce identification. (Compl. 3, 4, ECF No. 1.) Sgt. Cunningham and John Doe asked her "in an aggressive voice" to "go with them." (*Id.* at 3.) Moses alleges that they "followed her down Washington Ave., accosted her, grabbed her in an assaultive manner and prohibited her from moving freely." (*Id.* at 4.) Moses alleges that she was humiliated and injured during the incident. (*Id.*)

Defendant John Doe informed Moses that he was charging her with disorderly conduct and inciting a riot and took Moses into custody. (*Id.*) Moses states that Sgt. Cunningham gave instructions to the three officers, named here as two John Doe and one Jane Doe defendants, to arrest Moses and filmed it with his personal cell phone. (*Id.* at 3, 5.) Moses states that the "Defendants never read Plaintiff her rights nor told her that she was under arrest, and did use their power under the color of law to try to restrict her free speech." (*Id.* at 4.)

Sgt. Cunningham instructed officer Jane Doe to transport Moses to Shelby County Women's Jail East. (*Id.*) According to Moses, Jane Doe told Moses that she was just following instructions of Sgt. Cunningham and did not tell Moses why she was under arrest. (*Id.* at 4-5.) Jane Doe was told that she could not leave Moses at the jail without the arrest ticket or

3

an affidavit of complaint; Jane Doe told the jail that they would fax the information later. (*Id.* at 5.)

Moses spent three days in jail. (*Id.* at 6.) Moses alleges that state prosecutor Emmitt Hall informed her that "he was being told he had to prosecute her even though he did not want to," and that he eventually withdrew from prosecuting the case. (*Id.*) Sgt. Cunningham showed up during Moses's scheduled court appearances to intimidate her, even though he was not listed as a witness. (*Id.*) According to the state court record, on September 16, 2016, Moses was charged with disorderly conduct, resisting official detention, and inciting a riot. *See Tennessee v. Moses*, Case No. 16207648-01 (charges filed Sept. 16, 2016). On August 30, 2017, these charges were dismissed. *See id.*

Moses alleges that Sgt. Cunningham has a history of stalking, harassing, and assaulting Moses. (Compl. 3, ECF No. 1.) Further, according to Moses, Sgt. Cunningham has also circulated false memos and given false orders to subordinate officers to escort Moses from county buildings. (*Id.*) Moses has filed at least three formal complaints against Sgt. Cunningham with the Bureau of Professional Standards "because of his intimidating tactics and use of excessive force when deliberately making contact with [her]." (*Id.*) Moses alleges that Sgt. Cunningham orchestrated a false arrest and prosecution

4

of Moses in retaliation for the complaints she previously had filed against him. (*Id.* at 5.)

Based on these facts, Moses claims constitutional violations pursuant to Section 1983 (Count V) and sets forth various state-law claims, specifically malicious prosecution (Count I), harassment (Count II), discrimination (Count III), abuse of process (Count IV), false imprisonment (Count VI), conspiracy of abuse of process (Count VIII), and intentional infliction of emotional distress (Count IX).[2] (*Id.* at 7-12.) For relief, Moses requests compensatory damages in the amount of eleven million dollars, (*id.* at 3), declaratory relief, and injunctive relief prohibiting the Defendants from approaching Moses, (*id.* at 12.)

This is Moses's second federal lawsuit based on her September 16, 2016 arrest and subsequent prosecution. In her first lawsuit, docketed as Moses v. Oldham, *et al.*, Case No. 2:16-cv-2767-JTF-dkv, Moses asserted § 1983 claims against Sheriff Oldham in his official capacity and Shelby County Mayor Mark Luttrell in his official capacity. *See* Compl., Moses v. Oldham, *et al.*, Case No. 2:16-cv-2767-JTF-dkv (Sept. 23, 2016), ECF No. 1.[3] In a Report & Recommendation entered on October 17,

---

[2] Moses omits a Count VII.

[3] In that lawsuit, Moses also alleged that she suffered constitutional violations when she was barred from entering the county courthouse without an escort. Compl. 3-4, Moses v.

5

2016, this court recommended that the court abstain from exercising jurisdiction over Moses's equitable claims under the *Younger* abstention doctrine, because, at the time Moses filed the lawsuit, her state criminal case was ongoing. R & R at 9-11, Moses v. Oldham, *et al.*, Case No. 2:16-cv-2767-JTF-dkv (Oct. 17, 2016), ECF No. 7. This court also recommended dismissal of Moses's monetary claims for failure to state a claim because she failed to allege municipal liability against Shelby County. *Id.* at 11-14.[4] This court's Report & Recommendation is still pending review by the presiding district court judge. Moses's state criminal charges were dismissed on August 30, 2017, *see Tennessee v. Moses*, Case No. 16207648-01 (charges dismissed Aug. 30, 2017). Therefore, Moses's § 1983 claims based on her September 16, 2016 arrest and subsequent prosecution are now ripe for review.

## II.   PROPOSED CONCLUSIONS OF LAW

A.   <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened

---

Oldham, *et al.*, Case No. 2:16-cv-2767-JTF-dkv (Sept. 23, 2016), ECF No. 1.

[4]As the court explained, Moses's suit against Shelby County Mayor Mark Luttrell and Shelby County Sheriff Oldham in their official capacities is, essentially, a suit against Shelby County itself. *See Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989).

6

under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

    (i)      is frivolous or malicious;

    (ii)     fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Because Moses has been granted leave to proceed *in forma pauperis*, this report and recommendation will constitute the court's screening.

B.    <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Moses's complaint states a claim upon which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(alteration in original)(quoting *Iqbal*, 556 U.S. at 681).

7

"[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Paynes's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro*

8

*se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.  Construction of Moses's Claims

In order to screen the complaint, the court must first determine what claims Moses attempts to bring and against whom. It is difficult to do so. In the "Jurisdiction and Parties" section of her complaint, Moses states that she brings claims pursuant to 42 U.S.C. § 1983, Title VII, the ADA/ADAA, and Tennessee state law. (Compl. 2, ECF No. 1.)

As to her "ADA/ADAA claims, the Americans with Disabilities Act (ADA) prohibits employment discrimination against an individual with a disability. 42 U.S.C. § 12112(a). The ADA Amendment Act of 2008 (ADAA) was enacted with the objective to broaden the interpretation of what constitutes disability under the ADA. *Robbins v. Saturn Corp.*, 532 F. App'x 623, 628 (6th Cir. 2013). The complaint contains no factual allegations of a disability on the part of Moses or an employment relation with any of the defendants. Thus, Moses has not alleged any facts

that implicate these two federal statutes, and it is recommended that any claims under these statutes be dismissed.

In Count III, Moses purports to set forth a discrimination claim under Title VII.[5] (Compl. 9, ECF No. 1.) Title VII of the Civil Rights Act of 1964 is a federal statute that prohibits employers from discriminating against employees on the basis of sex, race, color, national origin, and religion. *See* 42 U.S.C.A. § 2000e, *et seq.* Again, Moses has not alleged that she was an employee of any of the defendants, and, thus, the court recommends that Moses's Count III be dismissed for failure to state a claim upon which relief may be granted.

As to the remaining claims, it is not fully clear which claims Moses purports to assert under Section 1983 and which claims she purports to assert under Tennessee law. In Count V – Civil Right Violations, Moses states that she brings this cause of action under 42 U.S.C. § 1983 for deprivations of her liberty and property. (Compl. 10, ECF No. 1.) Section 1983 does not provide any substantive rights itself; it "merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(citation and internal quotation marks omitted). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id.* (citations omitted). In her complaint, Moses

---

[5] Moses cites to Title VI in Count III, but the court assumes Moses intended to cite to Title VII.

10

mentions that the Defendants interfered with her liberty and property interests under the Fourteenth Amendment and her right to equal protection from discrimination as guaranteed by the Equal Protection Clause of the Fifth and Fourteenth Amendments. (Compl. 2, ECF No. 1.)

The Fifth Amendment to the United States Constitution declares that no person shall "be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. The Fifth Amendment limits the power of the federal government and the Fourteenth Amendment secures the application of the Fifth Amendment to the state governments. *Malloy v. Hogan,* 378 U.S. 1, 8, 26 (1964)("Due process of law is secured against invasion by the federal Government by the Fifth Amendment and is safeguarded against state action in identical words by the Fourteenth."). Here, none of the Defendants acted on behalf of the federal government and thus they cannot incur liability under the Fifth Amendment. *Hockenberry v. Vill. of Carrollton*, 110 F. Supp. 2d 597, 603 (N.D. Ohio 2000).

Further, the Due Process Clause of the Fourteenth Amendment forbids a state from "depriv[ing] any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. Although Moses states that the Defendants have interfered with her property interest, she has failed to allege any deprivation of her property other than the temporary taking

11

of her wallet, bag, and phone when she was booked into jail. Therefore, Moses has not set forth any Fourteenth Amendment claims against the Defendants for deprivation of her property interest.

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1424 (6th Cir. 1996)(quotation and internal quotation marks omitted). "The basis of any equal protection claim is that the state has treated similarly-situated individuals differently." *Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992). The complaint contains no claims that the Defendants discriminated against Moses because of her race, other than allegations in connection with her Title VII claim in Count III, which the court has recommended dismissing. Nor are there any specific factual allegations from which the court can infer that the Defendants discriminated in any way against Moses because of her protected status.

The impetus of Moses's complaint is her arrest on September 16, 2016, and subsequent prosecution. Given her *pro se* status,

12

the court liberally construes Moses's Count V deprivation of liberty claim to be based on her arrest and subsequent prosecution. However, the claims cannot be based on the Fourteenth Amendment. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright*, 510 U.S. at 273 (quoting *Graham v. Connor,* 490 U.S. 386, 395 (1989)). Pretrial deprivations of liberty and criminal prosecutions are addressed by the Fourth Amendment. *Id.* (citations omitted)(stating that a claim of malicious prosecution cannot be based upon the Fourteenth Amendment's substantive due process theory but must be asserted under the Fourth Amendment). Therefore, the court will analyze Moses's false arrest and malicious prosecution claims under the Fourth Amendment.

As to Moses's abuse-of-process claim (Count IV), "[t]he Sixth Circuit has not 'specifically determined whether a claim for abuse of process is a cognizable constitutional claim that can be redressed pursuant to § 1983.'" *Garcia v. Thorne,* 520 F. App'x 304, 311 (6th Cir. 2013)(quoting *Voyticky v. Vill. of Timberlake,* 412 F.3d 669, 676 (6th Cir. 2005)). Nevertheless, the Sixth Circuit "ha[s] resolved Section 1983 abuse-of-process claims without deciding whether such a claim is cognizable and, in doing so . . . typically assume[s] that the elements would .

13

. . . mirror those of state law." *Id.* (citing *Voyticky*, 412 F.3d at 676-77).

Moses also sets forth a claim for conspiracy of abuse of process (Count VIII). (Comp. 11, ECF No. 1.) The court again construes the complaint liberally to state a § 1983 cause of action for conspiracy to violate civil rights.

In addition to the above-listed Section 1983 claims, the court construes Moses's complaint to also set forth state-law claims for malicious prosecution, harassment, abuse of process, false imprisonment, conspiracy, and intentional infliction of emotional distress.

While *pro se* complaints are to be held to less stringent standards, *Williams*, 631 F.3d at 383, "[t]he leniency granted to pro se petitioners . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). "Liberal construction does not require a court to conjure allegations on [Moses's] behalf," *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001), or "to create [Moses's] claim for her," *Payne*, 73 F. App'x at 837. Here, the court has more than satisfied its duty in construing Moses's claims and allegations set forth in the instant complaint.

D.   Moses's Section 1983 Claims Against Sheriff Oldham

Moses names Sheriff Oldham as a defendant but does not state whether he is sued in a personal or official capacity. Given Moses's *pro se* status, the court will analyze both claims.

14

"A suit against an individual 'in his official capacity' has been held to be essentially a suit directly against the local government unit and can result in that unit's liability to respond to the injured party for his injuries." *Leach*, 891 F.2d at 1245; *see also Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985)("Official-capacity suits [] 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 n.55 (1978))). Therefore, an official capacity suit against Sheriff Oldham is in essence a suit against the SCSO, discussed *infra*, and it is recommended that the official capacity suit against Sheriff Oldham be dismissed as duplicative.

To the extent Moses purports to hold Sheriff Oldham personally liable under Section 1983, such claim fails. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Here, Moses has not alleged that Sheriff Oldham personally participated in any of the alleged constitutional violations.

15

Case 2:17-cv-02692-TLP-dkv    Document 7    Filed 10/10/17    Page 16 of 20
                                   PageID 36


For these reasons, it is recommended that Moses's § 1983 claims against Sheriff Oldham be dismissed for failure to state a claim.

E.   Moses's Section 1983 Claims Against the SCSO

"Tennessee federal courts have routinely held that police departments cannot be sued" under Section 1983.  *Moore v. Henderson Cnty. Sherriff's Dep't*, No. 13-1243, 2014 WL 1745017, at *13 (W.D. Tenn. Apr. 30, 2014); *see McKinney v. McNairy Cnty., Tenn.*, No. 1:12-CV-01101-JDB, 2012 WL 4863052, at *3 (W.D. Tenn. Oct. 11, 2012); *Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-CV-0946, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010).  Since the SCSO is not an entity which may be sued, Shelby County is for all purposes the real party in interest.  *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)(citations omitted).

In *Monell v. Department of Soc. Servs. of New York*, the Supreme Court determined that a municipality is a "person" within the meaning of Section 1983 who can be sued directly if it causes a constitutional tort through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  436 U.S. at 690.  The plaintiff must demonstrate that the municipal policy has a direct causal link to the alleged constitutional deprivation by (1) identifying the municipal policy or custom, (2) connecting the policy to the municipality, and (3) showing that his injury

16

was caused by the execution of that policy. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

Moses alleges no municipal liability here. At no point in her complaint does Moses allege that the SCSO has a policy or custom that has served to deprive her of her constitutional rights. Thus, Moses fails to establish a cognizable claim under Section 1983 against Shelby County, and it is recommended that any such claim be dismissed for failure to state a claim.

F. <u>Moses's State-Law Claims Against Sheriff Oldham and the SCSO</u>

Moses has not alleged any state-law claims against Sheriff Oldham or the SCSO. Throughout the complaint, Moses alleges facts implicating Sgt. Cunningham and three unidentified police officers, named here as defendants John Doe and defendant Jane Doe. She does not, however, allege any facts regarding Sheriff Oldham or the SCSO. For instance, Moses does not allege that Sheriff Oldham was present when she was arrested or that he had any input in her arrest or prosecution. Similarly, Moses does not allege any facts implicating the SCSO in any of the violations she alleges. Therefore, to the extent she attempts to set forth state-law claims against Sheriff Oldham and the SCSO, it is recommended that such claims be dismissed.

G. <u>Moses's Claims Against Sgt. Cunningham</u>

Lastly, Moses names as a defendant Sgt. Cunningham in his personal and official capacity. (Compl. 1, ECF No. 1.) As

17

discussed *supra*, a § 1983 official-capacity suit against Sgt. Cunningham is in essence a suit against the SCSO, and the court recommended dismissal of Moses's claims against the SCSO because she failed to allege municipal liability. Therefore, the court also recommends dismissal of Moses's claims against Sgt. Cunningham in his official capacity.

The court recommends that Moses be allowed to proceed with her Section 1983 and state-law claims against Sgt. Cunningham in his personal capacity. As discussed above, the court construes the complaint liberally to allege the following Section 1983 claims against Sgt. Cunningham: malicious prosecution, false imprisonment, abuse of process, and conspiracy. The court construes the complaint to allege the following state-law claims: malicious prosecution, false imprisonment, abuse of process, conspiracy, harassment, and intentional infliction of emotional distress.

### III.   RECOMMENDATION

For the foregoing reasons, it is recommended that Moses's claims against Sheriff Oldham, Sgt. Cunningham in his official capacity, and the SCSO be dismissed *sua sponte* for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6).

Regarding Moses's § 1983 and state-law claims against Sgt. Cunningham in his personal capacity, the court recommends that the Clerk be directed to issue process for Sgt. Cunningham and

18

deliver that process to the marshal for service; that service of the complaint and a copy of this Report and Recommendation be made on Sgt. Cunningham pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure; and that all costs of service be advanced by the United States.[6]

It is further recommended that Moses be ordered to serve a copy of every document filed in this case on the attorney for Sgt. Cunningham, make a certificate of service on every document filed, familiarize herself with the Federal Rules of Civil Procedure and this court's local rules,[7] promptly notify the Clerk of any change of address or extended absence, and be warned that failure to comply with these requirements, or any other order of the court, may result in the dismissal of her case without further notice.

Respectfully submitted this 10th day of October, 2017.

---

[6]In her complaint, Moses lists the following address for Sgt. Cunningham:

    160 N. Main Street,
    Memphis, TN 38103

(Compl. 2, ECF No. 1.)

As to the two John Doe and one Jane Doe defendants, service of process cannot be made on unnamed or fictitious parties. The filing of a complaint against Jane Doe or John Doe defendants does not toll the running of the statute of limitations against those parties. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968).

[7]A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

19

s/ Diane K. Vescovo_____
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.