# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| PAMELA MOSES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:17-cv-02692-JTF-dkv |
| | ) |
| SHERIFF WILLIAM OLDHAM, in his | ) |
| personal and official capacity; | ) |
| SHELBY CTY. SHERIFF OFFICE; | ) |
| SGT. CHAD CUNNINGHAM, in his | ) |
| personal and official capacity; STATE | ) |
| ATTORNEY GENERAL HERBERT | ) |
| SLATERY, in his personal and official | ) |
| capacity; DISTRICT ATTTORNEY | ) |
| GENERAL AMY WEIRICH, in her | ) |
| personal and official capacity; JOHN | ) |
| DOE; JOHN DOE; and JANE DOE, | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
## AND
## ORDERING PARTIAL *SUA SPONTE* DISMISSAL

Before the Court is Plaintiff Pamela Moses' Objections to the Report and Recommendation; Plaintiff filed her Objections on October 26, 2017. (ECF No. 8.) On September 18, 2017, Plaintiff filed her *pro se* Complaint titled Complaint Damages for Malicious Prosecution, Abuse of Process and Declaratory Relief. (ECF No. 1.) In her Complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 and Tennessee law resulting from her warrantless arrest in September 2016 and subsequent prosecution. (ECF Nos. 1 & 9.) Accompanying Plaintiff's Complaint is her *pro se* motion seeking leave to proceed *in forma pauperis*. (ECF No. 2.) In accordance with Administrative Order 2013-05, the case was

assigned to the Chief Magistrate Judge for management of all pretrial matters, including screening of the Complaint to determine whether or not summons shall be issued by the Clerk pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2). (ECF No. 7, 1–2.) On October 10, 2017, the Chief Magistrate Judge issued a Report and Recommendation granting Plaintiff's Motion to Proceed *In forma Pauperis* and otherwise recommending that (1) Plaintiff's claims against the SCSO, Sheriff Oldham, and Sgt. Cunningham in his official capacity be dismissed *sua sponte* for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6), and (2) Plaintiff should be allowed to proceed on her Section 1983 and state-law claims against Sgt. Cunningham in his personal capacity and service on the claims should be issued accordingly. (ECF No. 7.)

On October 26, 2017, Plaintiff filed her Objections to the Report and Recommendation. (ECF No. 8.) On the same date, Plaintiff also filed her Amended Complaint, entered as a Motion for Leave to Amend Complaint. (*See* ECF No. 9.) Upon *de novo* review of Plaintiff's Amended Complaint, the Court finds as follows: (1) Plaintiff's ADA/ADDA claims, Title VII claims, equal protection claims, and due process claims under the Fifth Amendment, should be dismissed for failure to state a claim; (2) as to Plaintiff's claim against the Shelby County Sheriff's Office ("SCSO"), construed instead against Shelby County, Plaintiff should be allowed to proceed on all of her Section 1983 claims and on her state law harassment claim; (3) Plaintiff's claims against Sheriff Oldham and Sgt. Cunningham should be dismissed to the extent they are official capacity suits and allowed to proceed to the degree the claims allege the personal liability of each Defendant; and (4) Plaintiff's claims against Attorney General Herbert Slatery and District Attorney Amy Weirich should be dismissed for failure to state a claim.

## I. FINDINGS OF FACT

In her Report and Recommendation, the Chief Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 7, 2–6.) The Court additionally incorporates into its analysis changes made in Plaintiff's pleadings through her Motion for Leave to Amend Complaint, which is also construed as her Amended Complaint.

## II. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the

Magistrate Judge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674. Moreover, "Overly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). Objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Thus, objections disputing the correctness of the magistrate's recommendation but failing to specify the findings believed to be in error are too general. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

A. 28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1, service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B). LR 4.1(b). Specifically, courts are required to screen *in forma pauperis* complaints and dismiss any complaint, or portion thereof, if the allegation of poverty is untrue or if the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

B. Standard of Review for Failure to State a Claim

In assessing whether Plaintiff's Complaint states a claim upon which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations

in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 681). Pleadings that are no more than conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*; *see also Twombly*, 550 U.S. at 555 n.3. Additionally, although not free from basic pleading requirements, *pro se* pleadings are "held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Curtin*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (affirming that a court cannot create a claim which a plaintiff has not spelled out in their pleading).

### III. ANALYSIS

Objections

As a preliminary matter, the Court finds Plaintiff's Objections to the Report and Recommendation are clearly general in nature, ambiguous and lack sufficient specificity for this Court to render an analysis. As such, the Court disregards these general objections. *See Miller*, 50 F.3d 373, 380 (6th Cir. 1995). In condemning overly-general objections, the Sixth Circuit, in *Spencer v. Bouchard*, affirmed that objections disputing the correctness of the magistrate's recommendation but failing to specify the findings believed to be in error are too general. *Spencer*, 449 F.3d at 725 (6th Cir. 2006) (quoting *Currie*, 50 F.3d at 380). Here, Plaintiff submits that the Chief Magistrate Judge generally erred in recommending that this Court dismiss any of Plaintiff's claims. (ECF No. 8, 1–2.) Thus, Plaintiff's failure to specify the findings she believes to be in error results in an overly-general objection that does not satisfy the objection requirement. *Spencer*, 449 F.3d at 725.

On October 26, 2017, Plaintiff filed an Amended Complaint, entered as a Motion for Leave to Amend Complaint. (ECF No. 9.) This Court liberally construes the filing as both Plaintiff's Motion for Leave to Amend Complaint and her Amended Complaint.

Under Fed. R. Civ. P. 15(a), a district court may allow a plaintiff to amend her complaint even when the complaint is subject to dismissal on initial screening under the Prison Litigation Reform Act ("PLRA"). *Logue v. United States Marshals*, No. 1:13-cv-348, 2013 U.S. Dist. LEXIS 108242, at *1–2 (S.D. Ohio Aug. 1, 2013); *see also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Rule 15(a) states that a party may amend its pleading once as a matter of course within 21 days after serving it and in all other cases, the court should freely give leave when justice so requires. *See* Fed. R. Civ. P. 15(a); *see also LaFountain*, 716 F.3d at 951. For example, a motion to amend a complaint should be denied if the amendment would be futile, would result in undue delay or prejudice to the opposing party, is brought in bad faith or for dilatory purposes, etcetera. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the granting of Plaintiff's Motion to Amend Complaint would not be futile because the substance of her Amended Complaint corrects insufficiencies found in her original Complaint. Accordingly, Plaintiff's Motion for Leave to Amend Complaint is GRANTED; this Court will consider Plaintiff's Amended Complaint for purposes of its screening pursuant to 28 U.S.C. § 1915(c)(2)(B).

To screen Plaintiff's Amended Complaint, this Court must additionally determine what claims Plaintiff attempts to bring and against whom. Plaintiff lists the following as Defendants in the present matter: (i) Shelby County Sheriff's Office; (ii) Sheriff William Oldham, in his personal and official capacity; (iii) Sergeant Chad Cunningham, in his personal and official capacity; (iv) Officers John Doe, John Doe, and Jane Doe, presumably in their personal and

official capacity; (v) Tennessee Attorney General Herbert Slatery, presumably in his personal and official capacity; and (v) District Attorney Amy Weirich, presumably in her personal and official capacity. (ECF No. 9, 1.) In her Amended Complaint, Plaintiff asserts claims pursuant to the ADA/ADAA, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, and Tennessee state law. (ECF No. 9, 1–2.) Upon review of the Amended Complaint, it is not certain which claims Plaintiff purports to assert under Section 1983 and which claims she purports to assert under Tennessee law. (*See* ECF No. 7, 10.) Accordingly, the Court liberally construes Plaintiff's allegations to assert Section 1983 claims for malicious prosecution, false imprisonment, abuse of process, and conspiracy of abuse of process as well as state-law claims for the same, plus harassment and intentional infliction of emotional distress. (*See id.* at 10–14.)

ADA/ADAA Claims

The Court finds that Plaintiff's ADA/ADAA claims should be dismissed because Plaintiff fails to allege that she has a disability or an employment relationship with any Defendant. The Americans with Disabilities Act ("ADA") prohibits employment discrimination by an employer against an individual with a disability, 42 U.S.C. § 12112(a), and the Amendment Act of 2008 ("ADAA") is intended to broaden the interpretation of disability under the ADA. *Robbins v. Saturn Corp.*, 532 F. App'x 623, 628 (6th Cir. 2013). Here, Plaintiff's Amended Complaint contains no factual allegations that Plaintiff had an actual or potential employment relation with any Defendant here, let alone a disability. (*See* ECF No. 9.) Thus, this Court finds that Plaintiff's ADA/ADAA claims should be dismissed for failure to state a claim upon which relief may be granted.

Title VII Claims

Additionally, the Court finds that Plaintiff's claims under Title VII of the Civil Rights Act of 1964 should be dismissed for Plaintiff's failure to allege that she has an employment relationship with any Defendant.[1] Title VII is a federal statute that prohibits employers from discriminating against applicants or employees on the basis of sex, race, color, national origin, and religion. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 807 n.4 (1973); *see also* 42 U.S.C.A. § 2000e, *et seq*. Plaintiff's Amended Complaint, however, does not allege that she had an actual or potential employment relationship with any Defendant to this matter. (*See* ECF No. 9.) Thus, this Court finds that Plaintiff's Title VII assertions should be dismissed for failure to state a claim upon which relief may be granted.

Equal Protection Claims

This Court also finds that Plaintiff's claims under the Equal Protection Clause of the Fifth and Fourteenth Amendments should be dismissed. Plaintiff's Fifth Amendment, equal protection claims should be dismissed because no Defendant here acted on behalf of the federal government. The Fifth Amendment limits the power of the federal government. *Malloy v. Hogan*, 378 U.S. 1, 26 (1964). In the present matter, Plaintiff's Amended Complaint fails to allege that any Defendant here acted on behalf of the federal government. (*See* ECF No. 9.) Thus, her Fifth Amendment equal protection claims should be dismissed for failure to state a claim upon which relief may be granted.

Additionally, this Court finds that Plaintiff's equal protection claims under the Fourteenth Amendment should be dismissed because her Amended Complaint does not contain specific, factual allegations that Defendants discriminated against Plaintiff because of her membership in

---

[1] The Court notes that a review of Plaintiff's claims, as correctly noted by the Chief Magistrate Judge, reveals that what Plaintiff cites as Title VI claims are properly construed as Title VII claims.

a protected class. (ECF No. 7, 12.) A complaint must be supported by factual allegations, *Iqbal*, 556 U.S. at 679, and "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990) (quoting *Johnson v. Morel*, 876 F.2d 477, 479 (5th Cir. 1989) (*en banc*)). Here, Plaintiff's Amended Complaint fails to provide specific, factual allegations that Plaintiff was intentionally discriminated against as a result of her race or membership in a protected class. (*See* ECF No. 9.) Thus, Plaintiff's equal protection claims brought pursuant to the Fourteenth Amendment should be dismissed for failure to state a claim upon which relief may be granted.

Due Process Claims

Plaintiff also brings due process claims pursuant to the Fifth and Fourteenth Amendments. This Court finds that Plaintiff's due process claims under the Fifth Amendment should be dismissed for Plaintiff's failure to allege that any Defendant in the present matter acted on behalf of the federal government. As previously noted, the Fifth Amendment limits the power of the federal government. *Hogan*, 378 U.S. at 26. Here, Plaintiff does not allege that any Defendant here acted on behalf of the federal government. (*See* ECF No. 9.) Thus, Plaintiff's Fifth Amendment due process claims should be dismissed for failure to state a claim upon which relief may be granted.

Furthermore, the Court finds that Plaintiff's due process claims for deprivation of property, brought pursuant to the Fourteenth Amendment, should be dismissed because Plaintiff's Complaint alleges only "the temporary taking of her wallet, bag, and phone when she was booked into jail." (ECF No. 7, 11–12.) "The prevailing rule under the Fourth Amendment that searches and seizures may not be made without a warrant is subject to various exceptions[,]"

one exception permits searches incident to custodial arrests. *United States v. Edwards*, 415 U.S. 800, 802 (1974). Here, the temporary seizure of Plaintiff's personal property took place incident to her custodial arrest, as a matter of booking practice, and thus, was not in violation of Plaintiff's constitutional rights. (*See* ECF No. 7, 11–12.) Accordingly, this Court finds that Plaintiff's deprivation of property allegation under the Fourteenth Amendment should be dismissed for failure to state a claim upon which relief may be granted.

In addition, this Court finds that Plaintiff's Fourteenth Amendment, deprivation of liberty allegations are properly construed as Fourth Amendment claims. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process,' must be the guide for analyzing [such] claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Here, Plaintiff presumably brought her deprivation of liberty claims under the Fourteenth Amendment as a result of her arrest and subsequent prosecution. The Supreme Court, however, holds that pretrial deprivations of liberty and criminal prosecutions are addressed through the Fourth Amendment, rather than the Fourteenth. *Albright*, 510 U.S. at 273–74. Indeed, in her Amended Complaint, unlike in her original Complaint, Plaintiff expressly asserts Fourth Amendment claims. (*Compare*, ECF No. 1, 2 (not expressly asserting Fourth Amendment claim), *with* ECF No. 9, 2 (expressly asserting Fourth Amendment claim).) Thus, in accordance with *Albright*, Plaintiff's false arrest and malicious prosecution allegations are construed as Fourth Amendment claims and considered as such below. (ECF No. 7, 11–13.)

Shelby County Sheriff's Office

Plaintiff brings claims under Section 1983 and Tennessee state law against the SCSO. Plaintiff's Section 1983 claims against the SCSO should be dismissed for failure to state a claim because Plaintiff cannot sue a police department under Section 1983. "Tennessee federal courts have routinely held that police departments cannot be sued." *Moore v. Henderson Cty. Sheriff's Dep't*, No. 13-1243, 2014 U.S. Dist. LEXIS 59946, at *39 (W.D. Tenn. Apr. 30, 2014). For Section 1983 purposes, a Tennessee sheriff's department is a police department. *McKinney v. McNairy Cty.*, No. 1:12-cv-01101-JDB-egb, 2012 U.S. Dist. LEXIS 146305, at *12–13 (W.D. Tenn. Oct. 11, 2012). Thus, Plaintiff cannot assert a Section 1983 claim against the SCSO. Instead, the Court liberally construes Plaintiff's claims against Shelby County, as the real party in interest. *Matthews v. Jones*, 35 F. 3d 1046, 1049 (6th Cir. 1994).

In *Monell v. Dep't of Soc. Servs. of New York*, the Supreme Court determined that a municipality is a "person" within the meaning of Section 1983 who can be sued directly if it causes a constitutional tort through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. 658, 690 (1978). More specifically, a plaintiff must demonstrate that the municipal policy has a direct causal link to the alleged constitutional deprivation by (1) identifying the municipal policy or custom, (2) connecting the policy to the municipality, and (3) showing that his injury was caused by the execution of that policy. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

In her Amended Complaint, Plaintiff asserts that she was injured by the SCSO's discriminative municipal policy "that all deputies to [sic] say that they have legislative authority to harass [Plaintiff]." (ECF No. 9, 3:8.) Plaintiff further alleges that this policy was implemented and/or promoted, at least in part, through the orders of supervisory authorities

within the SCSO—Sheriff Oldham and Debra Fessenden—who were contacted by and made communications with Sgt. Cunningham during his arrest of Plaintiff. (*See id.* at 3:6–8.) Plaintiff submits that this policy resulted in multiple actors participating in conduct that she claims resulted in her arrest, humiliation, and injury otherwise. (*Id.* at 4–6.) If taken as true and considered in the light most favorable to Plaintiff, these allegations serve to identify a municipal policy or officially adopted decision, connect that policy or decision to the municipality of Shelby County, and allege an unconstitutional arrest or harm as a result. Thus, liberally construing the claim against Shelby County, this Court finds that the factual allegations in Plaintiff's Amended Complaint plausibly suggest entitlement to relief on her Section 1983 claims. Thus, this Court finds that Plaintiff is allowed to proceed on her Section 1983 claims against Shelby County.

Regarding Plaintiff's state-law claims against the SCSO, which are construed against Shelby County, the Court finds dismissal appropriate as to all claims, excluding her harassment claim. The Tennessee Governmental Tort Liability Act ("GTLA") provides that "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary." Tenn. Code Ann. § 29-20-201(a). "Governmental entity" is defined as "any political subdivision of the state of Tennessee." *Id.* § 29-20-102(3)(A). In effect, the GTLA removes immunity for an "injury proximately caused by a negligent act or omission of any employee within the scope of his employment." *Id.* § 29-20-205. There is an exception to this removal of immunity, however, whereby immunity is retained where injuries arise out of "false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process,

libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights." *Id.* § 29-20-205(2). The civil-rights exception is construed to include claims arising under Section 1983 and the United States Constitution." *Johnson v. City of Memphis*, 617 F.3d 864, 872 (6th Cir. 2010) (citation omitted). Claims arising out of the same set of circumstances as a civil-rights Section 1983 claim also fall under this exception. *See id.* at 872.

Here, Plaintiff's state-law claims against Shelby County are liberally construed to assert claims for malicious prosecution, false imprisonment, abuse of process, conspiracy of abuse of process, harassment, and intentional infliction of emotional distress. Nonetheless, these claims, excluding harassment, are immune from suit under Tenn. Code Ann. § 29-20-205(2) because they are offenses enumerated therein and/or arise out of the same circumstances giving rise to Plaintiff's Section 1983 civil-rights claims against Shelby County. *See* Tenn. Code Ann. § 29-20-205(2). As to Plaintiff's harassment allegation, Shelby County can be held liable for its deputies' alleged non-negligent actions—such as harassment—under Tenn. Code Ann. § 8-8-302. *Hunt v. Wayne Cty.*, No. 1-10-0035, 2012 U.S. Dist. LEXIS 11126, at *19–20 (M.D. Tenn. Jan. 31, 2012). Even more, the conduct alleged by Plaintiff, if taken as true and considered in the light most favorable to Plaintiff, plausibly suggests that she is entitled to relief on her harassment claim. Thus, this Court finds that Plaintiff is allowed to proceed against Shelby County on her state law harassment claim.

<u>Sheriff Oldham</u>

Plaintiff brings claims under Tennessee state law and Section 1983 against Sheriff Oldham in both his official and personal capacities. The Court liberally construes Plaintiff's Complaint against Sheriff Oldham to allege Section 1983 claims for malicious prosecution, false

imprisonment, abuse of process, and conspiracy of abuse of process as well as state-law claims for the same, plus harassment and intentional infliction of emotional distress. To the extent Plaintiff brings Section 1983 claims against Sheriff Oldham in his official capacity, such claims must be dismissed because they are prohibited as a suit directly against the local government and otherwise would be duplicative. (ECF No. 7, 15.) "A suit against an individual 'in his official capacity' [is] essentially a suit directly against the local government unit and can result in that unit's liability to respond to the injured party for his injuries." *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1245 (6th 1989). As a result, Plaintiff's Section 1983 claims against Sheriff Oldham in his official capacity are analyzed no differently than the above analysis of Plaintiff's Section 1983 claims against the SCSO, the claims are construed against Shelby County. Nonetheless, because Plaintiff is already permitted to proceed on her Section 1983 claims against Shelby County, the claims here should be dismissed as duplicative. Thus, the Court dismisses Plaintiff's Section 1983 claims against Sheriff Oldham in his official capacity.

This Court finds that Plaintiff should be allowed to continue on her Section 1983 claims against Sheriff Oldham in his personal capacity. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. *See Iqbal*, 556 U.S. at 676. Here, Plaintiff alleges in her Amended Complaint that Sgt. Cunningham reports directly to Sheriff Oldham; Sheriff Oldham gave both written and verbal orders to harass Plaintiff upon sight; Sgt. Cunningham made verbal communications to his office during the arrest via his sheriff's radio advising them of Plaintiff's arrest; and, Sgt. Cunningham participated in and instructed other officers to participate in the arrest, harassment, assault, and humiliation of plaintiff. (ECF No. 9, 3:6–9, 4:12.) Thus, accepting Plaintiff's allegations as true and considering the evidence in a

light most favorable to her, the Court finds that Plaintiff's allegations plausibly suggest she is entitled to relief on her Section 1983 claims against Sheriff Oldham in his personal capacity.

Likewise, the Court finds that Plaintiff should be permitted to proceed on her state-law claims against Sheriff Oldham in his personal capacity. The Court finds that Plaintiff's allegations, if taken as true, plausibly suggest that she is entitled to relief on her state-law claims against Sheriff Oldham because, as outlined above, her Amended Complaint contains factual allegations that Sheriff Oldham personally participated in the alleged constitutional violations. (ECF No. 9, 3:6–9.) Thus, the Court finds that Plaintiff should be allowed to proceed with her state-law claims attempting to hold Sheriff Oldham personally liable.

Sergeant Cunningham

Plaintiff brings claims under Section 1983 and Tennessee state law against Sgt. Cunningham in both his official and personal capacities. The Court liberally construes Plaintiff's Complaint against Sgt. Cunningham to allege Section 1983 claims for malicious prosecution, false imprisonment, abuse of process, and conspiracy of abuse of process as well as state-law claims for the same, plus harassment and intentional infliction of emotional distress. To the extent Plaintiff brings Section 1983 claims against Sgt. Cunningham in his official capacity, such claims must be dismissed because they are prohibited as a suit directly against the local government and if construed against Shelby County, would be duplicative. (*See* ECF No. 7, 15.) Thus, this Court dismisses Plaintiff's Section 1983 claims against Sgt. Cunningham in his official capacity.

This Court additionally finds that Plaintiff is allowed to proceed on her Section 1983 and state-law claims against Sgt. Cunningham in his personal capacity because her Amended Complaint contains factual allegations that Sgt. Cunningham personally participated in the

alleged constitutional violations. (ECF No. 9, 3:5–7:55.) Indeed, Plaintiff alleges that Sgt. Cunningham played an integral part in the violations alleged when he (1) followed the orders of Sheriff Oldham or other supervisory authorities to harass and otherwise violate Plaintiff's rights, and (2) instructed others within the SCSO to do the same. (*See id.*) Thus, Plaintiff may proceed with her Section 1983 and state-law claims against Sgt. Cunningham in his personal capacity.

Herbert Slatery and Amy Weirich

This Court finds that Plaintiff's claims against Herbert Slatery and Amy Weirich should be dismissed for failure to state a claim because Plaintiff failed to plead any allegations concerning either Defendant. In Plaintiff's Amended Complaint, she asserts claims against Herbert Slatery, Attorney General and Reporter for the State of Tennessee, and Amy Weirich, District Attorney General of 30th Judicial District of Tennessee. (ECF No. 9, 1.) However, the addition of these parties is of no consequence because Plaintiff does not allege an actual or potential employment relationship with either, that either acted on behalf of the federal government, or any general or specific factual allegation about either. (*See id.*) Thus, Plaintiff's claims against Herbert Slatery and Amy Weirich are dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

Upon *de novo* review of the above-styled case, including the Chief Magistrate Judge's Report and Recommendation, Plaintiff's Amended Complaint, and Plaintiff's Objections to the Report and Recommendation, the Court hereby finds as follows:

(1) The Court initially *sua sponte* dismisses all of the following claims brought by Plaintiff:

(i) ADA/ADDA claims, (ii) Title VII claims, (iii) equal protection claims, and (iv) Fifth

Amendment due process claims for Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6).

(2)  The Court additionally *sua sponte* dismisses Herbert Slatery and Amy Weirich from this action for Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6).

(3)  The Court allows Plaintiff Moses to proceed on all of her Section 1983 claims and her state law harassment claim against the SCSO (to the extent the claims are construed against Shelby County).

(4)  The Court dismisses *sua sponte* all of Plaintiff's claims against Sheriff Oldham and Sgt. Cunningham in their official capacity for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6), but the Court allows Plaintiff to proceed on all of her Section 1983 and state-law claims attempting to hold the two personally liable.

(5)  Regarding Plaintiff's permitted Section 1983 and state-law claims against Shelby County as well as both Sheriff Oldham and Sgt. Cunningham in their personal capacities, the Court instructs the Clerk to issue process for Shelby County, Sheriff Oldham, and Sgt. Cunningham and deliver that process to the marshal for service; that service of the Amended Complaint and a copy of this Order be made on Shelby County, Sheriff Oldham, and Sgt. Cunningham pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure; and that all costs of service be advanced by the United States.[2]

---

[2] The Court also notes that Plaintiff purports to sue three "John Doe/Jane Doe" Defendants. Service of process, however, cannot be made on a fictitious party. The filing of a complaint against a "John Doe" defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). The Clerk is directed to terminate the reference to the John Doe/Jane Doe Defendants on the docket.

It is further ordered that Plaintiff serve a copy of every document filed in this case on the attorney(s) for Shelby County, Sheriff Oldham, and Sgt. Cunningham; make a certificate of service on every document filed; familiarize herself with the Federal Rules of Civil Procedure and this court's local rules; promptly notify the Clerk of any change of address or extended absence; and be warned that failure to comply with these requirements, or any other order of the Court, may result in the dismissal of her case without further notice.

**IT IS SO ORDERED** on this 8th day of December 2017.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge
