IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

PAMELA MOSES,

    Plaintiff,

vs.                                                  No. 17-2692-TLP-dkv

SHERIFF WILLIAM OLDHAM, in his
personal capacity; SHELBY COUNTY;
Sgt. CHAD CUNNINGHAM in his
personal capacity,

    Defendants.

_____

REPORT AND RECOMMENDATION FOR DISMISSAL
_____

On September 18, 2017, Moses, proceeding *pro se*, filed a complaint entitled "Complaint Damages for Malicious Prosecution, Abuse of Process, and Declaratory Relief," against Sheriff Oldham, the Shelby County Sheriff's Office ("SCSO"), Sgt. Cunningham in his personal and official capacity, John Doe, John Doe, and Jane Doe alleging claims under 42 U.S.C. § 1983 and Tennessee state law resulting from her warrantless arrest in September 2016 and subsequent prosecution. (Compl., ECF No. 1.) On October 10, 2017, the undersigned magistrate judge issued a Report & Recommendation recommending partial dismissal of the complaint. (ECF No. 7.) On October 26, 2017, Moses filed objections to the Report & Recommendation, (ECF No. 8), along with a first amended complaint

styled as a motion for leave to amend her complaint, (ECF No. 9). Moses's first amended complaint added State Attorney General Herbert Slatery ("General Slatery") and District Attorney General Amy Weirich ("General Weirich") as defendants, both in their personal and official capacities. (*Id.*) In addition, the first amended complaint added a personal capacity claim against Sheriff Oldham. (*Id.*)

On December 8, 2017, the then-presiding district judge, the Honorable John T. Fowlkes ("Judge Fowlkes"), granted Moses's motion to amend her complaint and ordered partial *sua sponte* dismissal. (Order, ECF No. 10.) In particular, Judge Fowlkes dismissed all of Moses's ADA/ADAA claims, Title VII discrimination claims, equal protection claims, and Fifth and Fourteenth Amendment due process claims; he dismissed all of Moses's claims against General Slatery and General Weirich; he dismissed all claims against Sheriff Oldham in his official capacity, Sgt. Cunningham in his official capacity, and the SCSO. (*Id.* at 16-17.) Moses was allowed to proceed with: (1) § 1983 claim and a state-law harassment claim against Shelby County; (2) § 1983 claims and state-law claims against Sheriff Oldham in his personal capacity; and (3) § 1983 claims and state-law claims against Sgt. Cunningham in his personal capacity. (*Id.* at 17.)

On January 4, 2018, Moses filed a motion for leave to file a second amended complaint. (ECF No. 14.) In her proposed second amended complaint, Moses listed as defendants: Sheriff Oldham,

2

individually and in his official capacity; General Weirich, individually and in her official capacity; Shelby County; Sgt. Cunningham, individually and in his official capacity; Jane Doe, John Doe, and John Doe 2, unknown employees of the Office of Shelby County Sheriff, individually and in their official capacities.  (ECF No. 14-1.)  On March 2, 2018, this court granted in part and denied in part Moses's request for leave to file a second amended complaint. (ECF No. 23.)  In particular, the court stated that the claims against General Weirich in the proposed second amended complaint are futile and denied Moses's motion to file a second amended complaint as to all claims against General Weirich in her personal and official capacities.  (Order 10, ECF No. 23.)  In addition, this court denied Moses's motion to amend the complaint to the extent that Moses attempted to revive claims previously dismissed by Judge Fowlkes in his December 8, 2017 order, such as official capacity claims against Sheriff Oldham and Sgt. Cunningham and Title VII discrimination claims.  (*Id.* at 10.)  The court directed the Clerk of Court to docket the proposed second amended complaint as the Second Amended Complaint and deemed it served on the Defendants on March 2, 2018, the date the order was entered.  (*Id.* at 10-11.)  The Defendants filed an answer to the second amended complaint on March 14, 2018. (ECF No. 25.)

On March 14, 2018, the Defendants also filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules

3

of Civil Procedure. (ECF No. 26.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

According to the certificate of service, Moses was served with the motion on March 14, 2018, via electronic service and U.S. Mail. Under Local Rule 12.1(a), the non-moving party has twenty-eight (28) days after service of a motion for judgment on the pleadings in which to file a response. Moses did not timely respond to the motion, and the time to do so expired.

By order dated June 8, 2018, Moses was ordered to show cause why her case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and why the Defendants' motion should not be granted. (ECF No. 27.) She was warned that failure to respond to the show cause order may result in dismissal of her lawsuit for failure to prosecute. Moses has not responded to the show cause order, and the time for doing so has expired.

Accordingly, it is recommended that that this case be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Respectfully submitted this 25th day of June, 2018.

                                        s/Diane K. Vescovo
                                        DIANE K. VESCOVO

CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.